## IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN ILLINOIS

| | | |
|---|---|---|
| **JASON HILL,** | ) | **CASE: 22CV6990** |
| **PLAINTIFF,** | ) | |
| **v.** | ) | |
| | ) | |
| **DEPAUL UNIVERSITY,** | ) | |
| **DEFENDANT.** | ) | |

### COMPLAINT FOR MONETARY AND EQUITABLE RELIEF

NOW COMES Plaintiff Hill, by his attorneys, Gia Scatchell, Christopher Cooper, and Cass Casper. Plaintiff Hill files his complaint bringing claims based on racial, religious, and sexual orientation discrimination, as well as retaliation as to protected activity.

### JURISDICTION & VENUE

(1)    Jurisdiction of this court arises under 28 U.S.C. § 1331; 28 U.S.C. § 1332; and 42 U.S.C. § 1981 and 42 U.S.C. § 2000e (and, for fees by way of §1988 as to all counts). There is pendent jurisdiction pursuant to 28 U.S.C. § 1367 for the state law count of negligence.

(2)    Venue is proper under 28 U.S.C. § 1391(b)(1) and (2). Defendant is located in this District, and a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### PARTIES

(3)    Plaintiff JASON HILL is an adult male who resides in Cook County, Illinois. Plaintiff was harmed by the Defendant in Cook County, Illinois. Plaintiff was employed by Defendant DePaul University at all times relevant.

1

(4)    Defendant DEPAUL UNIVERSITY is an organization doing business at 1 E. Jackson Blvd, Chicago, IL 60604. At all times relevant Defendant was the employer of Plaintiff Hill.

## FACTS

(5)    Plaintiff is a black male. Plaintiff is a tenured professor in DePaul University's Department of Philosophy.

(6)    Plaintiff is an African American male, of Caribbean descent. He is a native of Jamaica.

(7)    Plaintiff is homosexual.

(8)    These racial, ethnic, and sexuality attributes are known to DePaul University, especially the administrators to whom Plaintiff reports.

(9)    On April 16, 2019, Plaintiff published an opinion piece in *The Federalist,* an internationally distributed online magazine of current affairs, entitled "*The Moral Case for Israel Annexing the West Bank - And Beyond.*"

(10)    In the article, Plaintiff advocated for Jewish people and for the state of Israel.

(11)    After the article was published, Defendant DePaul University, expressed disapproval of the content of the article.

(12)    Defendant University took multiple adverse actions against the Plaintiff for the opinions expressed by him in the article.

(13)     The adverse actions included his having been subjected to pervasive threats and harassment to the extent that such conduct altered his terms and conditions of employment. An alteration of terms and conditions of employment constitutes an adverse action.

(14)     DePaul University discriminated and retaliated against Plaintiff.

(15)     DePaul University created the hostile work environment to which Plaintiff was subjected and for which he continues to endure, as Plaintiff is still employed at the University.

(16)     Furthermore, DePaul's failure to act reasonably, in response to harassment, etc., of Plaintiff by DePaul students and faculty, has interfered with Dr. Hill's ability to perform his duties; therefore, it constitutes an alteration of the terms and conditions of his employment.

(17)     Defendant has created a pervasive and continuous hostile work environment. Among other things, it is dangerous for him to come to work; and it is impossible for Professor Hill to complete his teaching duties satisfactorily.

(18)     DePaul knew or should have known of the complained of harassment and failed to implement prompt and appropriate corrective action. See *Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 348 (6th Cir. 2005).

(19)     Adverse actions by DePaul against Dr. Hill include its formal censure of Dr. Hill for having written and caused publication of the article.

(20)    DePaul has never similarly censured another member of the DePaul faculty for taking a controversial public stand or for writing publicly on any topic.

(21)    But for Plaintiff being an African American, homosexual, and Caribbean, and for having written publicly in support of Judaism and the policies of the government of Israel, he would not have been censured and subject to any of the adverse actions described herein. Such adverse actions include the subject discrimination and retaliation for the aforementioned protected class activities.

(22)    As was all adverse conduct averred herein (infra and supra) by DePaul motivated by Plaintiff's race (color, ethnicity, and nation origin, likewise, the censure was motivated by Plaintiff's race (which includes color, national origin and ethnicity), sexual orientation, and religion (the latter since he supported Judaism in the *article)*.

(23)    Plaintiff was retaliated against by Defendant DePaul when he protested to DePaul, as well as when he complained to the EEOC and when a filed a lawsuit in the Circuit Cook of Cook County.

(24)    In November 2021, following the above-described protected activity, DePaul rated Plaintiff as practicing "Below Expectations." (Previously, Plaintiff had ratings showing at least satisfactory).

(25)    The review document informed Plaintiff that the review would be used to determine salary increases going forward.

4

(26)    This rating will keep Plaintiff's compensation stagnant, etc., including limiting the pay increases he would otherwise receive.

(27)    The below average rating would not have occurred but for Plaintiff's authorship of the article, support of Judaism, support of Israel, and but for Plaintiff being black and gay.

(28)    All of the adverse actions by Defendant DePaul have created a hostile work environment for Plaintiff.

(29)    An email from DePaul (through a person known as Hofman) altered Plaintiff's terms and conditions of employment.

(30)    The email describes Jamaica (where Plaintiff was born) as a "shit-hole" country. The import of the email includes that because Hill hails from Jamaica, he should not be permitted to have and express views that would be more tolerable in faculty who came from other countries. DePaul knew Plaintiff is Jamaican when it authored the e-mail. Plaintiff contends that such an email is racial in nature and further constitutes an adverse action, since the email has altered Hill's terms and conditions of employment.

(31)    The email content ("shit-hole country," etc.) has created an intimidating, hostile and offensive working environment, and such environment has further adversely altered Dr. Hill's terms and conditions of employment). The DePaul e-mail adversely affects Dr. Hill's in-house and future employment opportunities as well as the type of ratings he will receive on performance reviews.

(32)    Further adverse actions taken against Hill include Defendant DePaul having encouraged students to boycott Dr. Hill's classes.

(33)    Additionally, DePaul hosted a dinner entitled "Come Celebrate the Censure of Professor Hill."

(34)    DePaul's adverse actions against Dr. Hill include its allowing students to hold massive disruptive demonstrations. Such demonstrations need not be permitted in order to promote free speech; rather, they are of a type that violates university policy.  For example, students were permitted to occupy entire buildings and to distribute hate literature on campus.

(35)    Thousands of DePaul-sanctioned leaflets were distributed with Dr. Hill's picture on them. On the leaflets, Dr. Hill is described as racist, a xenophobe, and sexist, and call for him to be terminated from the University.

(36)    DePaul's censure of Dr. Hill, and threat of future discipline without due process, have chilled Dr. Hill's activities both in his role as a teaching faculty member at DePaul and as a public author and commentator.

(37)    As a result of DePaul's actions, the opportunity for Dr. Hill to be awarded promotions, with concomitant wage increases, has been diminished. His opportunities for earning income outside of DePaul by expressing analyses and opinions as a public author and commentator have also been diminished.

**Allegations Common to All Counts**

(38)    DePaul failed to exercise reasonable care to prevent and promptly correct any harassing behavior and failed to take advantage of preventive or

corrective opportunities provided to otherwise avoid harm. See *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *see also Burlington Indus., Inc. v. Ellerth*, 524 U.S. 765 (1998).

(39)   DePaul failed Dr. Hill by not taking the requisite steps to ensure that the DePaul workplace was free of racial, religious, and sexual discrimination and harassment.

(40)   But for Plaintiff having complained of racial, and religious, discrimination, etc., he would not have been subjected to the discrimination and retaliation averred herein.

(41)   But for Plaintiff having taken a religious position in support of Judaism, the aforementioned adverse actions would not have occurred.

(42)   Defendant DePaul's conduct was willful and wanton.

(43)   The Title VII counts herein are timely filed with 90 days of the right to sue letter having been issued by the EEOC.

## COUNT I: 42 U.S.C. § 1981
## Racial Discrimination & Hostile Work Environment

(44)   Plaintiff repeats, re-alleges and incorporates by reference the allegations in all preceding paragraphs of this Complaint, especially the section entitled "Facts," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(45)   Plaintiff's race was a but-for cause of his injury.

(46)   Race includes ethnicity, color, and national origin.

(47)    The conduct referenced above (and in the Facts section) occurred because of Plaintiff's race.

(48)    Defendant DePaul's conduct was willful and wanton.

(49)    Plaintiff suffered harm, including deprivation of rights, pain and suffering; stigma damage; humiliation; stress; and legal fees.

(50)    Defendant's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

(51)    Defendant engaged in discriminatory practices with malice or with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff seeks judgment against Defendant for actual, general, special, and compensatory damages in the amount of $10,000,000.00, plus punitive damages. Plaintiff also seeks costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II: 42 USC 1981
### Retaliation (Race) & Hostile Work Environment

(52)    Plaintiff repeats, re-alleges and incorporates by reference the allegations in all preceding paragraphs of this Complaint, especially the section entitled "Facts," with the same force and effect as if herein set forth. The Facts section is to be read as Paragraph 1 of this count.

(53)    Plaintiff engaged in Constitutionally protected activity when he complained to Defendant of racial discrimination.

(54)    Defendant terminated Plaintiff's employment because he engaged in protected activity.

8

(55)   Plaintiff's race was a but-for cause of his injury.

(56)   Plaintiff's protected activity was a but-for cause of his injury.

(57)   Defendant was aware (having had direct knowledge) of the aforementioned protected activity when it retaliated against Plaintiff.

(58)   Defendant engaged in discriminatory practices with malice or with reckless indifference to Plaintiff's federally protected rights.

(59)   Plaintiff's having complained of a racial discrimination was a but-for cause of his injury.

(60)   Plaintiff suffered harm and incurred damages.

(61)   Defendant proximately caused the harm, injury, and damages.

(62)   Plaintiff suffered harm, including deprivation of rights, pain and suffering; stigma; loss of income; humiliation; and stress.

WHEREFORE, Plaintiff seeks judgment against Defendant for actual, general, special, and compensatory damages in the amount of $10,000,000.00, plus punitive damages.  Plaintiff also seeks costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT III, RACIAL,
## SEXUAL ORIENTATION, & RELIGIOUS DISCRIMINATION (42 USC 2000e)

(63)   Plaintiff repeats, re-alleges and incorporates by reference the allegations in all preceding paragraphs of this Complaint, especially the

section entitled "Facts," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(64) Defendant discriminated against Plaintiff in the terms and conditions of his employment, in violation of Title VII, 42 U.S.C. § 2000e, because it engaged in, tolerated and failed to prevent race, sex-orientation and religious discrimination, as alleged herein; and because it failed to take affirmative action to correct and redress these unlawful employment practices.

(65) As a result of Defendant's aforementioned conduct, Plaintiff was subjected to a hostile work environment.

(66) Plaintiff's work environment was also hostile because of the favoritism showed to others who were not black, not gay, etc., and such conduct represents an adverse action.

(67) Plaintiff was subjected to harassment by way of a hostile work environment.

(68) Defendant's conduct was willful and wanton.

(69) Plaintiff suffered harm to include pain and suffering; stigma damage; humiliation; stress; loss of employment, and legal fees.

(70) Defendant's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff seeks judgment against Defendant for actual, general, special, compensatory damages in the amount of $10,000,000.00,

plus punitive damages, and further demands judgment against Defendant for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT IV: 42 USC 2000-3(a) VIOLATIONS

(71)    Plaintiff repeats, re-alleges and incorporates by reference the allegations in all preceding paragraphs of this Complaint, especially the section entitled "Facts," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count. Plaintiff engaged in Constitutionally protected activity when he authored, published, protested, complained of, and reported Defendant's unlawful employment practices in dealing with him.

(72)    Plaintiff was subjected to adverse actions by Defendant for his protected activity.

(73)    Plaintiff suffered harm including pain and suffering; stigma damage; humiliation; loss of employment, stress; and legal fees.

(74)    Defendant's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff seeks judgment against Defendant for actual, general, special, and compensatory damages in the amount of

$10,000,000.00, plus punitive damages, and further demands judgment against Defendant for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

11

## COUNT V: 42 NEGLIGENCE (ILLINOIS STATE LAW)

(75)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "Facts," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(76)    At times pertinent hereto, the Defendant maintained and operated a university.

(77)    The Defendant university employs professors.

(78)    The university provides terms and conditions of employment to its professors (one of whom is Plaintiff Hill) which are consistent with a work environment free of racial, sexual and religious discrimination and or harassment. It was the duty of the Defendant to exercise ordinary care in maintaining a harassment and discrimination free work-place so as not to negligently cause injury to professors employed by the university.

(79)    Disregarding such duty, Defendant was at all times relevant liable of one or more of the following acts or omissions: (a) Negligently failed to protect Plaintiff from discrimination and harassment; and (b) Negligently failed to take action to address the discrimination and harassment.

(80)    The Defendant knew, or by the exercise of reasonable care should have known, incidents and condition to which Plaintiff Hill was subjected.

(81)    As a proximate result of the aforesaid Defendant's negligence, Plaintiff, then and there sustained and will continue to sustain permanent injuries, to include stress, lost wages, front wages, and benefits; and he is daily subjected to a hostile work environment and alteration of terms and conditions of employment.

(82)    Plaintiff suffered harm to include deprivation of constitutional rights, pain and suffering; stigma damage; humiliation; loss of employment, stress; and legal fees.

(83)    Defendant's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

WHEREFORE, and that there is sought, judgment against Defendant for actual, general, special, compensatory damages in the amount of $10,000,000.00, plus punitive damages and further demands judgment against Defendant for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable

**\*Plaintiff hereby makes a demand for a Jury.**

DATED:  12-12-2022, Respectfully Submitted,

s\Gia Scatchell, Esq., One of Plaintiff's attorneys
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 gia@dispartilaw.com

s\Christopher Cooper, ESQ., One of Plaintiff's attorneys
Law Office of Christopher Cooper, INC.
105 W. Madison Street, Suite 1350, Chicago, Il 60602
Tel: 312 473 2968; FAX: 866 334 7458; E-Mail: cooperlaw3234@gmail.com


s\*Cass T. Casper, Esq.*, One of Plaintiff's attorneys
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: ccasper@dispartilaw.com