IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jason Hill, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:22-cv-06990 |
| DePaul University, ) | |
| ) | Honorable John F. Kness |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DFENSES TO PLAINTIFF'S COMPLAINT FOR MONETARY AND EQUITABLE RELIEF**

Defendant DePaul University ("Defendant"), by and through its undersigned attorneys, submits its Answer and Affirmative Defenses to Plaintiff's Amended Compliant as follows:

**JURISDICTION & VENUE**

(1) Jurisdiction of this court arises under 28 U.S.C. § 1331; 28 U.S.C. § 1332; and 42 U.S.C. § 1981 and 42 U.S.C. § 2000e (and, for fees by way of §1988 as to all counts). There is pendent jurisdiction pursuant to 28 U.S.C. § 1367 for the state law count of negligence.

**ANSWER:** Defendant admits the allegations in the first sentence of the paragraph. As to the second sentence of this paragraph, no answer is required because by Court Order dated July 27, 2023 Order, [ECF No. 32], Plaintiff's state law count for negligence was dismissed. Plaintiff failed to file an amended complaint to replead any count sounding in negligence on or before the deadline set by the Court to do so on or before August 11, 2023.

(2) Venue is proper under 28 U.S.C. § 1391(b)(1) and (2). Defendant is located in this District, and a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

**ANSWER:** Defendant admits venue is proper in the Northern District of Illinois, Eastern Division.

1

## PARTIES

(3) Plaintiff JASON HILL is an adult male who resides in Cook County, Illinois. Plaintiff was harmed by the Defendant in Cook County, Illinois. Plaintiff was employed by Defendant DePaul University at all times relevant.

**ANSWER:** Defendant admits Plaintiff is an adult male who resides in Cook County, Illinois, and is employed by Defendant. Defendant denies the remaining allegations in this paragraph.

(4) Defendant DEPAUL UNIVERSITY is an organization doing business at 1 E. Jackson Blvd, Chicago, IL 60604. At all times relevant Defendant was the employer of Plaintiff Hill.

**ANSWER:** Defendant admits the allegations in this paragraph.

## FACTS

(5) Plaintiff is a black male. Plaintiff is a tenured professor in DePaul University's Department of Philosophy.

**ANSWER:** Defendant admits the allegations in this paragraph.

(6) Plaintiff is an African American male, of Caribbean descent. He is a native of Jamaica.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore, denies the allegations in this paragraph

(7) Plaintiff is homosexual.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the allegations in this paragraph, and therefore, denies the allegations in this paragraph.

(8) These racial, ethnic, and sexuality attributes are known to DePaul University, especially the administrators to whom Plaintiff reports.

**ANSWER:** Defendant denies the allegations in this Paragraph.

(9) On April 16, 2019, Plaintiff published an opinion piece in *The Federalist*, an internationally distributed online magazine of current affairs, entitled "*The Moral Case for Israel Annexing the West Bank - And Beyond.*"

**ANSWER:** Defendant admits the allegations in this paragraph.

(10) In the article, Plaintiff advocated for Jewish people and for the state of Israel.

**ANSWER:** Defendant denies the allegation in this paragraph.

(11) After the article was published, Defendant DePaul University, expressed disapproval of the content of the article.

**ANSWER:** Defendant denies the allegation in this paragraph.

(12) Defendant University took multiple adverse actions against the Plaintiff for the opinions expressed by him in the article.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they are vague, ambiguous and seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(13) The adverse actions included his having been subjected to pervasive threats and harassment to the extent that such conduct altered his terms and conditions of employment. An alteration of terms and conditions of employment constitutes an adverse action.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(14) DePaul University discriminated and retaliated against Plaintiff.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they are vague, ambiguous and seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(15) DePaul University created the hostile work environment to which Plaintiff was subjected and for which he continues to endure, as Plaintiff is still employed at the University.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant admits that Plaintiff is currently employed by Defendant. Defendant denies the remaining allegation in this paragraph.

(16) Furthermore, DePaul's failure to act reasonably, in response to harassment, etc., of Plaintiff by DePaul students and faculty, has interfered with Dr. Hill's ability to perform his duties; therefore, it constitutes an alteration of the terms and conditions of his employment.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(17) Defendant has created a pervasive and continuous hostile work environment. Among other things, it is dangerous for him to come to work; and it is impossible for Professor Hill to complete his teaching duties satisfactorily.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(18) DePaul knew or should have known of the complained of harassment and failed to implement prompt and appropriate corrective action. *See Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 348 (6th Cir. 2005).

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(19) Adverse actions by DePaul against Dr. Hill include its formal censure of Dr. Hill for having written and caused publication of the article.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(20) DePaul has never similarly censured another member of the DePaul faculty for taking a controversial public stand or for writing publicly on any topic.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(21) But for Plaintiff being an African American, homosexual, and Caribbean, and for having written publicly in support of Judaism and the policies of the government of Israel, he would not have been censured and subject to any of the adverse actions described herein. Such adverse actions include the subject discrimination and retaliation for the aforementioned protected class activities.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(22) As was all adverse conduct averred herein (infra and supra) by DePaul motivated by Plaintiff's race (color, ethnicity, and nation origin, likewise, the censure was motivated by Plaintiff's race (which includes color, national origin and ethnicity), sexual orientation, and religion (the latter since he supported Judaism in the article).

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(23) Plaintiff was retaliated against by Defendant DePaul when he protested to DePaul, as well as when he complained to the EEOC and when a filed a lawsuit in the Circuit Cook of Cook County.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(24) In November 2021, following the above-described protected activity, DePaul rated Plaintiff as practicing "Below Expectations." (Previously, Plaintiff had ratings showing at least satisfactory).

**ANSWER:** Defendant admits that Plaintiff received a "Below Expectations" review in November of 2021. Defendant denies the remaining allegations in this Paragraph, including that the review was related to the "above-described protected activity."

(25)    The review document informed Plaintiff that the review would be used to determine salary increases going forward.

**ANSWER:** Defendant denies the allegation in this paragraph.

(26)    This rating will keep Plaintiff's compensation stagnant, etc., including limiting the pay increases he would otherwise receive.

**ANSWER:** Defendant denies the allegations in this paragraph.

(27)    The below average rating would not have occurred but for Plaintiff's authorship of the article, support of Judaism, support of Israel, and but for Plaintiff being black and gay.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(28)    All of the adverse actions by Defendant DePaul have created a hostile work environment for Plaintiff.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they are vague, ambiguous and seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(29)    An email from DePaul (through a person known as Hofman) altered Plaintiff's terms and conditions of employment.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they are vague, ambiguous, and seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(30) The email describes Jamaica (where Plaintiff was born) as a "shit-hole" country. The import of the email includes that because Hill hails from Jamaica, he should not be permitted to have and express views that would be more tolerable in faculty who came from other countries. DePaul knew Plaintiff is Jamaican when it authored the e-mail. Plaintiff contends that such an email is racial in nature and further constitutes an adverse action, since the email has altered Hill's terms and conditions of employment.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(31) The email content ("shit-hole country," etc.) has created an intimidating, hostile and offensive working environment, and such environment has further adversely altered Dr. Hill's terms and conditions of employment). The DePaul e-mail adversely affects Dr. Hill's in- house and future employment opportunities as well as the type of ratings he will receive on performance reviews.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(32) Further adverse actions taken against Hill include Defendant DePaul having encouraged students to boycott Dr. Hill's classes.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(33) Additionally, DePaul hosted a dinner entitled "Come Celebrate the Censure of Professor Hill."

**ANSWER:** Defendant denies the allegation in this paragraph.

(34) DePaul's adverse actions against Dr. Hill include its allowing students to hold massive disruptive demonstrations. Such demonstrations need not be permitted in order to promote free speech; rather, they are of a type that violates university policy. For example, students were permitted to occupy entire buildings and to distribute hate literature on campus.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(35) Thousands of DePaul-sanctioned leaflets were distributed with Dr. Hill's picture on them. On the leaflets, Dr. Hill is described as racist, a xenophobe, and sexist, and call for him to be terminated from the University.

**ANSWER:** Defendant denies the allegations in this paragraph.

(36) DePaul's censure of Dr. Hill, and threat of future discipline without due process, have chilled Dr. Hill's activities both in his role as a teaching faculty member at DePaul and as a public author and commentator.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(37) As a result of DePaul's actions, the opportunity for Dr. Hill to be awarded promotions, with concomitant wage increases, has been diminished. His opportunities for earning income outside of DePaul by expressing analyses and opinions as a public author and commentator have also been diminished.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief about Plaintiff's opportunities for earning income outside of DePaul, and therefore, denies said allegations. Defendant denies the remaining allegations in this paragraph.

### Allegations Common to All Counts

(38) DePaul failed to exercise reasonable care to prevent and promptly correct any harassing behavior and failed to take advantage of preventive or corrective opportunities provided to otherwise avoid harm. *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *see also Burlington Indus., Inc. v. Ellerth*, 524 U.S. 765 (1998).

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(39) DePaul failed Dr. Hill by not taking the requisite steps to ensure that the DePaul workplace was free of racial, religious, and sexual discrimination and harassment.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(40) But for Plaintiff having complained of racial, and religious, discrimination, etc., he would not have been subjected to the discrimination and retaliation averred herein.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(41) But for Plaintiff having taken a religious position in support of Judaism, the aforementioned adverse actions would not have occurred.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(42) Defendant DePaul's conduct was willful and wanton.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(43) The Title VII counts herein are timely filed with 90 days of the right to sue letter having been issued by the EEOC.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

**COUNT I: 42 U.S.C. § 1981**
**Racial Discrimination & Hostile Work Environment**

(44) Plaintiff repeats, re-alleges and incorporates by reference the allegations in all preceding paragraphs of this Complaint, especially the section entitled "Facts," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

**ANSWER:** Defendant reincorporates each of its answers to the preceding paragraphs of this Complaint as its answer to Paragraph 44.

(45) Plaintiff's race was a but-for cause of his injury.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(46) Race includes ethnicity, color, and national origin.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(47) The conduct referenced above (and in the Facts section) occurred because of Plaintiff's race.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(48) Defendant DePaul's conduct was willful and wanton.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(49) Plaintiff suffered harm, including deprivation of rights, pain and suffering; stigma damage; humiliation; stress; and legal fees.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(50) Defendant's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(51) Defendant engaged in discriminatory practices with malice or with reckless indifference to Plaintiff's federally protected rights.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

## COUNT II: 42 USC 1981
### Retaliation (Race) & Hostile Work Environment

(52) Plaintiff repeats, re-alleges and incorporates by reference the allegations in all preceding paragraphs of this Complaint, especially the section entitled "Facts," with the same force and effect as if herein set forth. The Facts section is to be read as Paragraph 1 of this count.

**ANSWER:** Defendant reincorporates each of its answers to the preceding paragraphs of this Complaint as its answer to Paragraph 52.

(53) Plaintiff engaged in Constitutionally protected activity when he complained to Defendant of racial discrimination.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(54) Defendant terminated Plaintiff's employment because he engaged in protected activity.

**ANSWER:** Defendant denies the allegation in this paragraph—including to the extent it calls for a legal conclusion. Plaintiff is currently employed with Defendant and has not been terminated.

(55) Plaintiff's race was a but-for cause of his injury.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(56) Plaintiff's protected activity was a but-for cause of his injury.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(57) Defendant was aware (having had direct knowledge) of the aforementioned protected activity when it retaliated against Plaintiff.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(58) Defendant engaged in discriminatory practices with malice or with reckless indifference to Plaintiff's federally protected rights.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(59) Plaintiff's having complained of a racial discrimination was a but-for cause of his injury.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(60)  Plaintiff suffered harm and incurred damages.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(61)  Defendant proximately caused the harm, injury, and damages.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(62)  Plaintiff suffered harm, including deprivation of rights, pain and suffering; stigma; loss of income; humiliation; and stress.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

## COUNT III, RACIAL, SEXUAL ORIENTATION, & RELIGIOUS DISCRIMINATION (42 USC 2000e)

(63) – (70)  Pursuant the Court's July 27, 2023 Order [ECF No. 32], Count III was dismissed with prejudice. Therefore, no answer is required. To the extent that an answer is required, Defendant denies all allegations contained in Count III.

## COUNT IV: 42 USC 2000-3(a) VIOLATIONS

(71)  Plaintiff repeats, re-alleges and incorporates by reference the allegations in all preceding paragraphs of this Complaint, especially the section entitled "Facts," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count. Plaintiff

13

engaged in Constitutionally protected activity when he authored, published, protested, complained of, and reported Defendant's unlawful employment practices in dealing with him.

**ANSWER:** Defendant reincorporates each of its answers to the preceding paragraphs of this Complaint as its answer to Paragraph 71.

(72)    Plaintiff was subjected to adverse actions by Defendant for his protected activity.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(73)    Plaintiff suffered harm including pain and suffering; stigma damage; humiliation; loss of employment, stress; and legal fees.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

(74)    Defendant's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

**ANSWER:** Defendant objects to the allegations in the Paragraph on the basis that they seek a legal conclusion, and therefore, require no answer. To the extent that the allegations in this Paragraph require an answer, Defendant denies the allegation in this paragraph.

### COUNT V: 42 NEGLIGENCE (ILLINOIS STATE LAW)

(75)–(83)    Pursuant to the Court's July 27, 2023 Order [ECF No. 32], Count V was dismissed and the time to amend has expired, therefore no response to this paragraph is required. To the extent that an answer is required, Defendant denies all allegations in this Paragraph.

### DEFENDANT'S AFFIRMATIVE DEFENSES

Now comes Defendant, by and through its undersigned attorneys, and for its Affirmative Defenses to the Plaintiff's Complaint, states as follows:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred to the extent they rely upon or relate to events that took place outside the applicable statute of limitations or are otherwise untimely, including any administrative prerequisites or other procedural conditions to the commencement of an action.

3. Defendant has and had, at all relevant times, internal policies and procedures to be followed if any employee believes they have been discriminated against, harassed, or retaliated against and Defendant provides other opportunities to prevent and correct such conduct. To the extent Plaintiff failed to utilize such procedures, Plaintiff's claims are barred.

4. All actions taken with regard to Plaintiff were taken for legitimate, lawful, and nondiscriminatory and non-retaliatory reasons.

5. To the extent Defendants are found to have been motivated by impermissible criteria, Defendants assert that all employment decisions in this action would have occurred even in the absence of such impermissible criteria.

6. Defendants acted in good faith at all times relevant to this action and had reasonable grounds to believe that its acts and omissions, if any, were not in violation of Title VII, Section 1981 or any other applicable law.

7. Plaintiff's claims are barred because the Complaint alleges conduct of nonsupervisory employees of which Defendant was not aware and should not have been aware.

8. Plaintiff's claims are barred because Defendant is not liable for alleged harassing behavior unrelated to a protected characteristic.

9. Plaintiff's claims are barred because he cannot demonstrate a causal link between membership in a protected class and any alleged adverse action taken against him.

15

10. Plaintiff's claims are barred because he cannot demonstrate a causal link between any protected activity and any alleged adverse action taken against him.

11. Plaintiff's claims are barred because if any improper, illegal, or discriminatory acts were taken against Plaintiff, such acts were independent, intervening, and unforeseeable acts, and were not condoned, ratified, confirmed, approved or acquiesced in by Defendant.

12. Plaintiff's claims are barred because Plaintiff cannot demonstrate severe and pervasive conduct that altered the terms and conditions of his employment.

13. Any losses suffered by plaintiff were not as a consequence of, or in reliance upon, any acts or omissions of Defendant.

14. To the extent Plaintiff is entitled to damages, Plaintiff failed to mitigate his damages.

15. Defendant breached no duty owed to plaintiff under federal, state, or local law.

Dated: September 1, 2023

Respectfully submitted,

DEPAUL UNIVERSITY,

By: /s/ Rachel E. Bossard
      One of Its Attorneys

Rachel E. Bossard (rbossard@burkelaw.com)
Blake A. Roter (broter@burkelaw.com)
Brittany A. Martin (bmartin@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
312-840-7000

**CERTIFICATE OF SERVICE**

The undersigned states that on this 1st day of September, 2023, she caused the foregoing Defendant's Answers and Affirmative Defenses to be filed electronically with the Clerk of the Northern District of Illinois, Eastern Division, and to be served by the electronic filing service on all counsel of record.

/s/ *Rachel E. Bossard*