IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON HILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-06990 |
| v. | ) | |
| | ) | |
| DEPAUL UNIVERSITY, | ) | Honorable John F. Kness |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DEPAUL UNIVERSITY'S FIRST MOTION TO COMPEL COMPLETE INTERROGATORY ANSWERS AND DOCUMENT PRODUCTION FROM PLAINTIFF**

Defendant DePaul University ("DePaul"), by and through its undersigned attorneys, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 26(b) and 37 and Northern District of Illinois Local Rule 37.2, for an order compelling Plaintiff Jason Hill ("Plaintiff") to provide complete interrogatory answers and document production.

**INTRODUCTION**

Plaintiff, a DePaul philosophy professor, has brought this second lawsuit against his current employer for its alleged conduct in response to a controversial article he published in April 2019. The first action, filed in April 2020 in the Circuit Court of Cook County, Illinois, was dismissed in October 2022, and remains pending on appeal (the "State Court Action"). In the State Court Action, Plaintiff brought claims against DePaul for breach of contract, defamation, intentional interference with prospective economic advantage and violations of the Illinois Human Rights Act. Plaintiff produced information and documents during discovery in the State Court Action, including giving his deposition, however, he last produced documents therein in early 2022.

This action, filed on December 13, 2022, alleges different claims over a longer time period. All of the remaining counts allege violations of federal law: (1) Racial Discrimination and Hostile

Work Environment under 42 U.S.C. § 1981; (2) Retaliation (Race) and Hostile Work Environment under 42 U.S.C. § 1981; and (4) 42 U.S.C. § 2000e-3(a) Violations. [Doc. 1; Doc. 32 dismissing Counts 3 and 5.] Compared to the claims Plaintiff brought in the State Court Action, these claims require Plaintiff to plead and prove different factual and legal elements, and Plaintiff also alleges different harms resulting from this different alleged misconduct. These alleged harms include deprivation of rights, pain and suffering, stigma damage, loss of income, loss of employment, humiliation, stress, and legal fees. [Doc. 1, ¶¶ 49, 62, 73.] Plaintiff's Complaint seeks damages in the amount of $10 million, plus punitive damages. [Doc. 1, e.g. Count I, WHEREFORE Clause.]

Therefore, DePaul issued interrogatories and document requests in an effort to discover information about Plaintiff's claims, injuries and bases for the damages he now seeks. Plaintiff, however, has essentially refused to provide any additional information beyond what he produced in the State Court Action. In fact, he produced only four (4) new documents, and cited solely to his production in the State Court Action in response to 33 of 38 document requests. When undersigned counsel engaged in Rule 37 efforts, Plaintiff's Counsel agreed to supplement his interrogatory answers and document requests; told the Court he would do so, and the Court ordered him to do so by October 6, 2023. [Doc. 42, 43.] Plaintiff, however, now refuses to provide any supplementation, claiming that he does not have any more information to produce.

DePaul finds Plaintiff's statement that he has nothing more specious. This statement reflects Plaintiff's refusal to conduct a good faith search for documents and information. This statement also reflects Plaintiff's refusal to supplement documents and information which were produced in the State Court Action, which almost certainly have been updated in the last 18-plus months. Acting in such a manner, Plaintiff has failed to provide basic information to substantiate essential elements of his claims.

As an example, Plaintiff refuses to produce a single email or text message about his claims, which allegedly resulted in significant personal and professional harm. When asked to specify DePaul's alleged mistreatment of him, he simply re-printed 35 paragraphs of his Complaint, with nothing more. When asked to identify what knowledge certain witnesses he identified have about his claims, he refused to provide any substantive information. While Plaintiff claims he has lost income due to his diminished reputation, from lost books sales and being rejected from other job opportunities, Plaintiff refuses to produce updated book royalty records (which he previously produced through late 2021) or documents about these allegedly rejected job applications. Plaintiff also refuses to say whether he has received any mental health treatment since January 2022 (the most recent records he produced), despite claiming harm due to anxiety, depression, stress, humiliation, pain and suffering. Plaintiff's conduct has hindered and delayed DePaul's ability to obtain all of Plaintiff's relevant medical and mental health records. Plaintiff also refused to produce his recent tax returns, requiring DePaul to request them from the IRS, further delaying discovery.

DePaul brings this motion to compel Plaintiff to produce documents and information which it believes exist and/or should exist, require Plaintiff to execute an affidavit attesting that he has produced all responsive documents and information in his possession, custody and control, and bar Plaintiff from introducing into evidence any documents and information which he fails to timely produce. DePaul also requests its fees for needing to bring this motion.

**FACTS**

On December 13, 2022, Plaintiff filed a five-count Complaint against DePaul alleging: (1) Racial Discrimination and Hostile Work Environment under 42 U.S.C. § 1981; (2) Retaliation (Race) and Hostile Work Environment under 42 U.S.C. § 1981; (3) Racial, Sexual Orientation, and Religious Discrimination under 42 U.S.C. § 2000e ("Title VII"); (4) 42 U.S.C. § 2000e-3(a)

3

Violations; and (5) Negligence under Illinois state law. [Doc. 1, ¶¶ 44–83.] On February 17, 2023, DePaul moved to dismiss the Complaint in its entirety. [Doc. 13, 14.] On July 27, 2023, the Court granted DePaul's Motion to Dismiss in part, dismissing Counts III and V, and allowing Plaintiff leave to amend by August 11, 2023. [Doc. 32.] Plaintiff did not amend his Complaint, and DePaul filed an Answer on September 1, 2023. [Doc. 38.]

In accordance with the Rule 16(b) Scheduling Order [Doc. 33], DePaul served its First Set of Interrogatories and First Set of Document Requests on Plaintiff on June 23, 2023. While the parties mutually agreed to an extension to August 4, 2023 to respond to discovery, Plaintiff served his responses on August 12, 2023. [Plaintiff's Responses to DePaul's Interrogatories are attached as Exhibit 1; Plaintiff's Responses to DePaul's Document Requests are attached as Exhibit 2.]

Plaintiff produced only four (4) new documents, wholly consisting of formal correspondence between him and/or his lawyers and the Illinois Department of Human Rights, City of Chicago Commission on Human Relations, and EEOC. He further stated that only documents produced in the State Court Action were responsive to 33 of DePaul's 38 document requests. [See Ex. 2.] Though certainly some documents from the State Court Action are relevant to this action, Plaintiff's state court claims differ from the claims before this Court; the claims encompass different time periods, and Plaintiff last produced documents in the State Court Action in early 2022. In response to three document requests, Plaintiff responded: "No documents at this time," which simply cannot be true given that Plaintiff previously produced documents in the State Court Action which would be responsive to such a request. Plaintiff's discovery responses suggest that he did not complete a reasonable search of documents in his possession, custody or control, including personal and/or work email correspondence and text messages, in order to respond to DePaul's discovery requests.

4

Therefore, on September 8, 2023, DePaul's Counsel sent a letter pursuant to Federal Rule of Civil Procedure 37 to Plaintiff's Counsel, identifying seven document requests and six interrogatories, for which DePaul believes Plaintiff's responses are deficient. [DePaul's Rule 37 Letter is attached as <u>Exhibit 3</u>.] On September 13, 2023, DePaul's Counsel and Plaintiff's Counsel conducted an approximately 40 minute telephone conference pursuant to Rule 37 and Local Rule 37.2 to address the deficiencies in Plaintiff's discovery responses. That conference was memorialized in an email communication from DePaul's Counsel to Plaintiff's Counsel, including Plaintiff's Counsel's agreement to supplement certain interrogatory answers and document request responses within three weeks, on or before October 6, 2023. [DePaul's Counsel's September 15, 2023 Email is attached as <u>Exhibit 4</u>.]

On September 15, 2023, the parties submitted a Joint Status Report, which stated that "Plaintiff's Counsel will supplement its discovery responses on or before October 6, 2023." [Doc. 42.] That same day, this Court entered a minute entry: "Plaintiff is ordered to supplement his written discovery responses by October 6, 2023. Written discovery is now closed, except for supplementing earlier discovery responses as required under Rule 26(e) and as ordered herein…" [Doc. 43.] On September 22, 2023, Plaintiff's Counsel provided a single supplemental document – an updated list of Plaintiff's lectures and publications. However, Plaintiff failed to provide any supplemental written discovery responses or other documents by Friday, October 6, 2023. Therefore, on Monday, October 9, 2023, DePaul's Counsel sent an email to Plaintiff's Counsel asking about the status of Plaintiff's supplementation. [<u>Ex. 4</u>, pp. 1-2.] Receiving no response, DePaul's Counsel followed up again on Monday, October 16, 2023. [*Id.*, p. 1.] Plaintiff's Counsel responded by email: "I don't have anything else to give you. I engaged in the conversation in good faith. I wanted to get you what you want; however, I can't because he (Plaintiff) does not have

5

what you want." [*Id.*, p. 1.] Despite DePaul's aforementioned attempts to resolve the discovery dispute between the Parties, as required by Local Rule 37.2, Plaintiff has refused to produce the documents and information which Plaintiff's Counsel agreed to produce by supplementation. DePaul's Counsel's Local Rule 37.2 Statement is attached as <u>Exhibit 5</u>.

Fact discovery is scheduled to close on December 6, 2023. [Doc. 43.] No depositions have occurred, in part, due to the delay in addressing the deficiencies in Plaintiff's discovery responses and document production, which now require court intervention. With this motion, and pending its resolution, DePaul also has concerns about meeting the fact discovery close date.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "A party may file a motion to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure where another party fails to respond to a discovery request, fails to produce documents, or where the response is evasive or incomplete." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006); *see also* Fed. R. Civ. P. 37. "[D]istrict courts have broad discretion in deciding motions to compel." *Hannah's Boutique v. Surdej*, No. 13-cv-2564, 2014 U.S. Dist. LEXIS 38979, at *4 (N.D. Ill. Mar. 25, 2014). Although a court cannot compel a party to produce information/documents not within its possession, a court may require a party to submit an affidavit or declaration "(1) stating that after diligent search, it has no responsive material in its 'possession, custody, or control,' . . . and (2) describing, with particularity, its efforts to locate any responsive material" where a party maintains no such information exists. *Sanchez v. City of Fort Wayne*, No. 1:18-cv-00397-HAB-SLC, 2019 WL 6696295, at **11–13 (N.D. Ind. Dec. 9, 2019). *See also Boyd v. Lazer Spot, Inc.*, No. 19 C 8173,

6

2022 U.S. Dist. LEXIS 131242, at *21 (N.D. Ill. July 6, 2022) (ordering a party to "submit to the Court a declaration or affidavit regarding their search for and production of ESI."); *Cascades Comput. Innovation, LLC v. Samsung Elecs. Co.*, No. 11 C 4574, 2015 U.S. Dist. LEXIS 179623, at *7 (N.D. Ill. May 18, 2015) (entering a similar order); *Elipas v. Jedynak*, No. 07 C 3026, 2008 U.S. Dist. LEXIS 122898, at **5–9 (N.D. Ill. Oct. 3, 2008) (entering similar order).

## ARGUMENT

DePaul moves to compel Plaintiff to provide complete interrogatory answers and to produce all relevant, responsive, non-privileged documents in his possession, custody or control. Plaintiff's production to date suggests that he has not completed a good faith investigation into the documents and information in his possession, custody or control. An order from this Court compelling him to do so will ensure that he completes such an investigation. If Plaintiff truly does not have the requested information in his possession, custody or control, then the Court can order him to submit an affidavit to that effect, including to detail the investigation he completed.

<u>Document Request #4, 7, 9, 10, 11, 12 and 13</u>

While DePaul believes that all of its interrogatories and document requests are relevant to the claims and defenses at issue in this action, the specific discovery requests identified in DePaul's Rule 37 Letter are especially relevant. Notably, Plaintiff states that he apparently has no personal emails, text messages or other communications about any of the allegations in his complaint which allegedly resulted in significant harm to him, his reputation and his earning potential. [Ex. 4, p. 3, Plaintiff's Counsel's response to Document Request #4, 7, 9, 10, 11, 12 and 13.] Therefore, DePaul requests that the Court compel Plaintiff to produce all documents in his possession, custody or control which are responsive to Document Request #4, 7, 9, 10, 11, 12 and 13.

Interrogatory #12

In an effort to better understand Plaintiff's claim that he was treated less favorably than his colleagues, DePaul requested that Plaintiff identify each instance in which he was treated less favorably. [Ex. 1, p. 10-13, Interrogatory No. 12.] In response, Plaintiff simply re-printed 35 paragraphs of his Complaint. [*Id.*] Simply reprinting allegations in a complaint is an inadequate response to an interrogatory, yet Plaintiff refuses to provide any additional information beyond these allegations. [Ex. 4, p. 4.] Therefore, DePaul requests that the Court compel Plaintiff to fully respond to Interrogatory #12.

Interrogatory #5

In an effort to be able to investigate Plaintiff's alleged complaints to DePaul about a hostile work environment, Interrogatory Number 5 requested that he identify every instance in which he complained to DePaul about discrimination, harassment, retaliation and/or a hostile work environment. [Ex. 1, p. 7.] Plaintiff identified three (3) complaints. [*Id.*] DePaul requested further information regarding the nature of the complaints and whether they were communicated orally in writing. [Ex. 3, p. 5-6.] Despite Plaintiff's Counsel agreeing to provide that information [Ex. 4, p. 4], Plaintiff now refuses to do so making it nearly impossible to investigate the allegations. Therefore, DePaul requests that the Court compel Plaintiff to fully respond to Interrogatory #5.

Interrogatory #1

While Plaintiff identifies three (3) new DePaul professors in his Rule 26 disclosures and interrogatory answers as individuals with knowledge of his claims, he only states that that they are "Aware of the matters for which the litigation concerns." [Ex. 1, p. 2; Ex. 3, p. 5.] Despite Plaintiff's Counsel agreeing to provide that information [Ex. 4, p. 4], Plaintiff now refuses to provide any additional information regarding these individuals' purported knowledge about

8

Plaintiff's claims. Plaintiff's inadequate identification of purported witnesses makes it impossible for DePaul to determine whether it is necessary to take their depositions in advance of trial. Therefore, DePaul requests that the Court compel Plaintiff to fully respond to Interrogatory #1.

### Interrogatory #13

While Plaintiff's Complaint seeks $10 million in damages, Plaintiff's Rule 26 disclosures reduced that number to $1 million. DePaul's Interrogatory No. 13 asked Plaintiff to describe how he calculated that number. [Ex. 1, p. 13.] Part of Plaintiff's response stated that he "applied to several Think Tanks, and universities to no avail." [*Id.*] Therefore, DePaul requested that Plaintiff produce documents and communications relating to his efforts to obtain work with a think tank, university and/or other organization or entity since April 16, 2019, for which Plaintiff seeks damages. [Ex. 3, p. 7.] Despite Plaintiff's Counsel agreeing to provide that information [See Ex. 4, p. 4-5], Plaintiff now refuses to do so, making it impossible to investigate Plaintiff's alleged damages. Therefore, DePaul requests that the Court compel Plaintiff to fully respond to Interrogatory #13, including to produce documents relating to his answer to Interrogatory #13.

### Document Request #32

Plaintiff further alleges that his opportunities to earn income outside of DePaul have been diminished, including as a public author. [Doc. 1, ¶ 37.] A plaintiff puts his income at issue where he makes "significant claims for lost income, including lost employment opportunities," making such information discoverable. *Breuder v. Bd. of Trs.*, No. 15 CV 9323, 2021 U.S. Dist. LEXIS 12220, at **6–10 (N.D. Ill. Jan. 22, 2021). *See also Johnson v. Soo Line R.R. Co.*, No. 17 C 7828, 2019 U.S. Dist. LEXIS 146051, at **4–6, (N.D. Ill. Aug. 27, 2019). Therefore, DePaul asked Plaintiff to produce all documents and communications relating to the income he has received from his published books. [Ex. 2, p. 10 Document Request #32.] Plaintiff responded: "No documents at

9

this time." [*Id.*] However, in the State Court Action, Plaintiff produced 82 pages of documents showing the income he had received from his published books through November 2021. [See Ex. 3, p. 4.] Thus, documents showing Plaintiff's book royalties, including for his most recent book published in October 2021, are very likely in Plaintiff's possession, custody or control and/or obtainable (as he previously produced such documents). [*Id.*] Despite Plaintiff's Counsel agreeing to provide that information [See Ex. 4, p. 3], Plaintiff now refuses to do so, making it impossible to investigate Plaintiff's alleged damages. Therefore, DePaul requests that the Court compel Plaintiff to fully respond to Document Request #32.

Interrogatory #14-15

Finally, Plaintiff makes serious allegations that DePaul's conduct has affected his medical and mental health, including alleging that he has suffered pain and suffering, stigma damage, humiliation and stress. [Doc. 1, ¶¶ 49, 62, 71.] In response to Interrogatory No. 13 requesting information about the damages Plaintiff allegedly suffered, Plaintiff stated, inter alia: "The emotional damage has been incalculable. The stress and duress I have undergone is gut wrenching. I have suffered from deep and ongoing anxiety, intermittent depression and lack of confidence in advancing professionally in my field…The constant feeling of humiliation, of being made to feel like a constant outsider has heightened since April 2018….The feelings of isolation, social death, and rejection were constant." [Ex. 1, pp. 13-14.]

Given this response, Plaintiff appears to be not only putting his mental health directly at issue in his case, but he also seeks damages for the resulting symptoms of his alleged emotional injury (i.e. depression). *See Beam v. Watco Cos., LLC*, No. 3:18-cv-02018-SMY-GCS, 2021 U.S. Dist. LEXIS 114842, at **5–8 (S.D. Ill. June 21, 2021) (noting that where a plaintiff complains of symptoms of emotional harm such as "sleeplessness, nervousness, and depression," he puts his

mental health in controversy). Should Plaintiff purport to be merely assert "garden variety" emotional distress claims, the Court may limit the evidence by excluding evidence of the symptoms resulting from the emotional harm. *Vann-Foreman v. Ill. Cent. R.R. Co.*, No. 19 C 8069, 2020 U.S. Dist. LEXIS 197094, at *8 (N.D. Ill. Oct. 23, 2020).

In the State Court Action, Plaintiff disclosed that he sought treatment from two medical professionals during the relevant time period, one from March 2019 through September 2019, and another from April 2018 through January 2022. After contested motion practice, those treaters' records were produced, mostly unredacted. DePaul's Interrogatories #14 and #15 in this action request that Plaintiff identify all doctors, counselors and/or mental health professionals, for whom he has sought treatment for the injuries he alleges to have suffered as a result of DePaul's alleged conduct, including the dates of such treatment. [Ex. 1, pp. 14.] Plaintiff provided an evasive response. [*Id.*] Therefore, during the parties' Rule 37 conference, DePaul's Counsel requested the Plaintiff's Counsel supplement this response, including to state whether Plaintiff sought treatment from any additional treaters and/or from any of the two previously identified treaters after January 2022. [See Ex. 4, p. 5.] Despite Plaintiff's Counsel agreeing to provide that information [See *Id*], Plaintiff now refuses to do so, making it impossible to investigate Plaintiff's alleged damages, including by determining whether it is necessary to send subpoenas for medical records to the previously identified and/or new treaters. Therefore, DePaul requests that the Court compel Plaintiff to fully respond to Interrogatories #14 and 15.

Plaintiff has an obligation to conduct a reasonable search to locate information in his possession. *See DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 935–38 (N.D. Ill. 2021). Plaintiff also has an obligation to participate in good faith in discovery, including to produce the documents and information in his possession, custody or control. Presumably, if

11

Plaintiff has meritorious claims, he would have evidence in his possession, custody or control to support them. DePaul is entitled to receive that evidence, just as it is entitled to receive evidence in Plaintiff's possession, custody or control which may contradict his claims.

Despite Plaintiff's clear failure to search for documents and information in his possession, custody or control, DePaul took a reasonable and narrow effort to follow up on items likely most relevant to Plaintiff's claims. Plaintiff's Counsel agreed to supplement Plaintiff's discovery responses with such documents and information. This Court ordered Plaintiff to do so. Yet, Plaintiff wholly failed to comply with Plaintiff's Counsel's promises and this Court's order. Plaintiff's refusal to meaningfully participate in discovery, has significantly inhibited DePaul's efforts to investigate Plaintiff's claims and has delayed the entire discovery process.

## **CONCLUSION**

DePaul requests that this Court compel Plaintiff to produce the documents and information addressed above and in DePaul's Rule 37 Letter. If Plaintiff truly does not have these documents and information in his possession, custody or control, DePaul requests that the Court order Plaintiff to submit an affidavit that he has no more responsive documents or information, and detailing his efforts to locate such information within 7 days of any such order. Should Plaintiff continue to refuse to produce relevant documents and information in his possession, custody or control, DePaul requests that the Court bar Plaintiff from introducing any such evidence which is not timely produced at trial. Additionally, DePaul seeks its fees and expenses for being required to engage in these Rule 37 efforts pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), and for such other relief as this Court deems just and proper.

Dated: October 23, 2023

Respectfully submitted,

DEPAUL UNIVERSITY,

By: /s/ Blake A. Roter
One of Its Attorneys

Rachel E. Bossard (rbossard@burkelaw.com)
Blake A. Roter (broter@burkelaw.com)
Brittany A. Martin (bmartin@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
312-840-7000