**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Jason Hill, | |
|     Plaintiff. | Case No. 22-cv-06990 |
|     v. | Judge Kness |
| DePaul University, | Judge Kim |
|     Defendant. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL**

NOW COMES Plaintiff Hill, by his attorneys, Gia Scatchell and Christopher Cooper. Through counsel, Plaintiff states:

(1) Plaintiff does not dispute the first three paragraphs of the Defendant's section denoted as Introduction.

(2) Plaintiff disputes the remaining paragraphs of the introduction section as well, disputes the argument section. In this regard, Plaintiff states:

    a) He has acted in good faith;

    b) The claim that Plaintiff has only provided documents from the state case is categorically false and bellied by email traffic from Plaintiff's attorneys to Defendant's attorneys as well as by the large amount of documents produced to the Defendant;

    c) The claim that the Plaintiff's attorneys refuse to supplement, is equally false. By example, on or about September 13, 2023, the

Plaintiff agreed –and did provide Defendant with a release directed to the IRS for Hill's tax records. Then again, on or about September 29, 2023, the Plaintiff supplemented with a publications list as well gave Defendant's attorneys access to Dr. Hill's DePaul University emails. See below:



**Blake Roter**  Wed, Sep 27, 10:09 AM
to me, Gia, Rachel, Brittany

Chris,

We propose searching the following Custodians, Time Frames and Search Terms in DePaul's email archives. After conducting the search, we will review for privilege, relevance and responsiveness before producing documents. Please advise if you are in agreement.

1. Jason Hill
    a. Timeframe: 4/20/2020 – 10/1/2023
        i. Terms
            1. Moral! /4 Israel
            2. Resolution
            3. Federalist
            4. DePaulia
            5. Death or Die! Or Dead or kill!
            6. Threat!
            7. (Boycott! Or Protest!) w/10 (Hill OR You! OR Class!)
            8. Discrim! OR Harass!
            9. Censur!
            10. Jew! OR Judaism
            11. Hofman

2. William McNeill
    a. Timeframe: 4/1/2019 – 10/1/2023
        i. Terms:
            1. Jason /3 Hill
            2. Dr. /2 Hill
            3. Professor /2 Hill

3. Elizabeth Millan Brusslan

      a. Timeframe: 9/1/2021 – 10/1/2023
          i. Terms:
            1. Jason /3 Hill
            2. Dr. /2 Hill
            3. Professor /2 Hill

4. Jennifer Conary
      a. Timeframe: 4/1/2019 – 10/1/2023
          i. Terms:
            1. Jason /3 Hill
            2. Dr. /2 Hill
            3. Professor /2 Hill

5. Guillermo Vasquez de Velasco
      a. Timeframe: 4/1/2019 – 10/1/2023
          i. Terms:
            1. Jason /3 Hill
            2. Dr. /2 Hill
            3. Professor /2 Hill

6. Nina Ginger Hofman
      a. Timeframe: 4/1/2019 – 10/1/2023
          i. Terms:
            1. Jason /3 Hill
            2. Dr. /2 Hill
            3. Professor /2 Hill

**Blake Roter**
*Partner*
Burke, Warren, MacKay & Serritella, P.C.
330 N Wabash Ave, 21st Floor | Chicago, IL 60611
**P** 312-840-7116 | **F** 312-840-7900
BRoter@burkelaw.com | www.burkelaw.com
Profile | LinkedIn | vCard



**Christopher Cooper** <cooperlaw3234@gmail.com>    Wed, Sep 27, 10:41 AM
to Blake, Gia, Rachel, Brittany

I will share this with Dr. Hill and let you know what he says. I need at least 24 hours.



**Christopher Cooper** <cooperlaw3234@gmail.com>　　　　　　　　　　Fri, Sep 29, 10:39 AM
to Blake, Gia, Rachel, Brittany

Blake, my client approves.  You may conduct the search with the terms you have indicated.


(3)     Based on reasonable information and belief, DePaul has not conducted a search of Dr. Hill's work emails.

(4)     Since the motion to compel was filed, attorneys on both sides have interacted collegially. The undersigned has supplemented on behalf of Dr. Hill, but still not to the extent that DePaul believes is possible. Attached as Ex A, are the responses and documents provided to the Defendant, since the MTC was filed.

(5)     It is not that Plaintiff "refuses to produce personal email or text messages about his claims  --the fact is there aren't any. Plaintiff has searched and not found any. Likewise, Plaintiff does not have any more information as to the persons he has identified as having knowledge.

(6)     Plaintiff has had limited income from book royalties. He has since communicated to the Defendant that the amount is around $4,000. Plaintiff will not oppose a subpoena to the publishing company.  Categorically false is the claim that Plaintiff refuses to say whether he has received any mental health treatment since January 2022. (Infra.).

(7) Interrogatory #12: The response to Interrogatory 12 is sufficient. The fact that it is copied is irrelevant since the provided response answers the interrogatory.

(8) Interrogatory #5: Plaintiff identified conduct that he experienced and that he and his lawyers believe constituted a hostile work environment. The undersigned could be wrong, but to his recollection, there was no agreement to convey more information as to Interrogatory #5.

(9) Interrogatory #1: The undersigned spoke with Plaintiff as to the persons in issue, with knowledge. Plaintiff reports that he has nothing else to offer. He cannot speak to their knowledge. He is aware that that these are people aware of the litigation. Defendant would need to notice up depositions to ascertain the knowledge held by the persons identified. Plaintiff does not have the type of relationship with such persons to engage them in conversation in the furtherance of supplementing the interrogatory response.

(10) Interrogatory#13: The undersigned has re-read the response to Interrogatory 13. It Is quite lengthy and detailed. In the opinion of Plaintiff's counsel, it is sufficient. If the Court feels otherwise, the problem will be that Hill reports he has nothing else with which to supplement.

Except for a few communications, Plaintiff does not have documents or written communications relating to his efforts to obtain work with a think tank, university and/or other organization or entity since April 16, 2019, for which Plaintiff seeks damages. Since the filing of the MTC and the prior to the filing of this response, Plaintiff has produced email traffic in this regard. What

5

has been produced is so minimal that the undersigned's guess is that Defendant DePaul is still not satisfied. That is, if DePaul was satisfied, it is believed that DePaul's counsel would have withdrawn its motion, since it has received additional information, documents, and emails.

(11) Document Request #32: Plaintiff does not have the documents requested. He does not have any of the types of communications requested. Plaintiff reports that he contacted the publisher and requested to know the amount of royalties thus far. That is how he was able to supplement and to communicate to DePaul through his attorney, that the amount is approximately $4,000.

(12) Plaintiff is in the country of Jamaica with his ailing mother. He has been there for months. In this regard, he does not have access to his tax records. This is why long before the MTC, Plaintiff provided DePaul with an executed IRS form 4506. It appears from the motion that DePaul has not acted pursuant to the release to obtain the tax documents.

(13) Plaintiff is ready and willing to sign a release enabling DePaul to reach out to the one publisher in issue. Plaintiff has reported approximately $4,000 in income as to the publication in issue. Additionally, the same 82 pages referenced by the Defendant, were once again produced to the Defendant in the federal action.

(14) Interrogatory #14-15: Plaintiff agrees that he has placed his mental health into his case ("garden variety"); although, not having filed a claim for intentional infliction of emotional stress. Other than the treatment already identified, Plaintiff has not sought or received treatment. Had Dr. Hill received

6

treatment, he would have provided the dates of treatment and identification of the provider(s).

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that Defendant's motion is denied.

DATED: NOVEMBER 3, 2023

For Plaintiff Jason Hill:

*s/Christopher Cooper, Esq.*
*Gianna Scatchell, Esq.*

*Gianna Scatchell*
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
(312) 506-5511 ext. 330
Gia@dispartilaw.com

*Christopher Cooper, Esq.*
Law Offices of Christopher Cooper, Inc.
105 West Madison Street, Suite 1350
Chicago, Illinois 60602
P: (312) 473-2968
E: cooperlaw3234@gmail.com