UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. JASON HILL, | ) |
|                 Plaintiff, | ) No. 22 CV 6990 |
| v. | ) Magistrate Judge Young B. Kim |
| DEPAUL UNIVERSITY, | ) |
|                 Defendant. | ) November 9, 2023 |

**ORDER**

Before the court is Defendant's motion to compel Plaintiff to supplement his discovery responses. In this case, Plaintiff, a tenured professor at Defendant's institution, alleges that since the publication of his online article in April 2019, Defendant took adverse employment actions against him and has continuously subjected him to a hostile work environment because of his race, national origin, religion, and sexual orientation. Plaintiff also claims that Defendant retaliated against him for complaining about its unlawful conduct. In the current motion, Defendant asserts that Plaintiff must be ordered to supplement his answers to Defendant's Interrogatory ("INT") Nos. 1, 5, and 12-15, and Requests to Produce ("RTP") Nos. 4, 7, 9-13, and 32. For the following reasons, the motion is granted as to INT Nos. 1, 5, and 12 and RTP Nos. 4, 7, 9, 10, and 13, but denied as to INT Nos. 13-15 and RTP Nos. 11, 12, and 32:

On September 5, 2023, this matter was referred to this court for discovery supervision. (R. 40.) The court then ordered the parties to file a joint status report

and update the court on any "remaining issues with written discovery responses," among other things. (R. 41.) In response to the order, the parties filed a joint status report indicating that they had exchanged INTs and RTPs and served responses thereto. (R. 42.) However, Defendant had issues with Plaintiff's answers, and after conferring with Defendant, Plaintiff agreed to supplement his discovery responses by October 6, 2023. (Id. at 2.) The court then entered an order confirming that deadline for Plaintiff's supplemental responses. (R. 43.)

Thereafter on October 23, 2023, Defendant filed this motion to compel asserting that Plaintiff failed to exercise reasonable efforts to locate and produce responsive information and documents as ordered. Plaintiff opposes the motion.

### A. Interrogatories

| No. | Ruling |
|---|---|
| 1 | The motion is granted. Defendant claims that Plaintiff failed to specify the "actual or potential knowledge or information" the following professors supposedly have: (a) Valerie Johnson; (b) Elizabeth Millan; and (c) Michael Naas. According to Plaintiff, these professors are "[a]ware of the matters for which the litigation concerns." (R. 44-1 at 3.) The court agrees with Defendant that Plaintiff's description of their knowledge is too cryptic to be of any use. Plaintiff is ordered to either strike the names of these three professors from his answer or detail each professor's knowledge regarding this case. If, as he says in his response, he only knows that these professors are aware of the existence of this lawsuit and nothing more, he must amend his answer and clarify. (See R. 47 at 5.) |
| 5 | The motion is granted. Defendant seeks specific information about Plaintiff's reports of hostile work environment. Yet, Plaintiff's answer lacks necessary details Defendant seeks in this INT. Plaintiff is ordered to answer all parts of this INT, Nos. 5(1) through 5(4). For example, Plaintiff says he made "complaints" to Will McNeil in 2021. (Id. at 8.) How did Plaintiff make these complaints? Did Plaintiff make them by email or in person? What were these complaints about? When in 2021 did Plaintiff make these complaints to McNeil? If he does not have the answer to these subparts, he must state that he does not know. |

2

| | |
|---|---|
| 12 | The motion is granted. Defendant served this INT to secure specific information about Plaintiff's allegations in his complaint. But Plaintiff answered the INT with only those same complaint allegations, negating the purpose of this INT. Plaintiff must supplement his answer to this INT to include details, rather than general conclusory assertions of discrimination as described in his complaint. For example, in answering this INT, Plaintiff says, "Defendant University took multiple adverse actions against the Plaintiff for the opinions expressed by him in the article." (Id. at 10.) What are the "multiple adverse actions" taken against him after April 2019? Who took these actions and when? Defendant can only take actions through its officials, agents, and employees. Are there witnesses to these "adverse employment actions"? Without greater specificity, Plaintiff's answer is inadequate and nonresponsive. The court strikes Plaintiff's current answer and orders him to serve a new answer to this INT. |
| 13 | The motion is denied. The court finds that the damage amount Plaintiff seeks is arbitrary. Plaintiff explains that the damage he suffers is "incalculable" and also details the damage items he included (e.g., loss of opportunities to work elsewhere, emotional distress, loss of reputation) when coming up with the damage amount. (Id. at 14.) That said, Plaintiff is barred from offering any specific calculations in support of his claim for $1 million in damages. If necessary, Plaintiff may amend his answer as required by Rule 26(e) in a timely manner. |
| 14 & 15 | Defendant's motion is denied. However, in light of Plaintiff's answers to these INTs, (see id. at 15), Defendant is permitted to presume that Plaintiff is seeking only garden variety emotional distress damages in this case. Plaintiff is barred from offering any testimony about any mental health or medical treatments he received to address his alleged injuries and is also barred from offering the testimony (either in written form or via live witnesses) of any medical providers in this case. |

B. **Requests to Produce**

As for RTP Nos. 4, 7, and 9-13, Defendant's primary complaint is that Plaintiff fails to identify and produce personal emails or text messages. However, the court cannot compel Plaintiff to produce what he says he does not have even after a search of his records. And Defendant has not submitted any evidence raising an inference that Plaintiff failed to perform a reasonable search for the same. That said, if Defendant secures responsive emails and text messages from

third parties during discovery, Plaintiff may be subject to sanctions. Plaintiff is also barred from offering any personal emails or text messages as evidence in this case. The court's analysis of Plaintiff's responses to these RTPs does not stop there because a review of these responses shows that they are seriously flawed as explained herein.

| No. | Ruling |
|---|---|
| 4 | In this request, Defendant seeks communications "from" others regarding Plaintiff's allegations in this lawsuit—that Defendant took adverse employment actions against him and subjected him to a hostile work environment from April 2019 to the present. In response, Plaintiff refers generally to deposition transcripts and discovery completed in a state court case—which was filed in April 2020 and dismissed in October 2022. While it is easier for a producing party to refer to general categories of documents, the response is not sufficient because Plaintiff fails to specifically identify the documents that are responsive and, making matters worse, he refers to non-responsive documents. For example, the response "all documents tendered to DePaul in (No. 2020 L 4358)" is too general to have any discovery value. Also, the court finds it unlikely that "all documents" would amount to "communications" that are responsive to this request and cover the temporal scope for this request, which necessarily is from April 2019 to the present. Further, deposition transcripts are not "communications." Plaintiff is ordered to identify by Bates stamp numbers only those documents that are responsive within the context of this case and produce the same to Defendant. If he has no responsive documents, he must state, "None." |
| 7 | Defendant seeks documents and communications relating to adverse employment actions it allegedly took against Plaintiff. The court notes that Plaintiff's response is inadequate because it does not even refer to the 2021 performance evaluation, which Plaintiff alleges in his complaint was an adverse action. Plaintiff must be more diligent when locating those documents and communications he believes are related to adverse actions Defendant took against him and recognize that his response itself has evidentiary value as it can be considered a party admission and has the capacity to narrow factual disputes. Plaintiff is ordered to identify by Bates stamp numbers only those documents that are responsive within the context of this case and produce the same to Defendant. If he has no responsive documents, he must state, "None." |

| | |
|---|---|
| 9, 10 & 13 | Defendant seeks documents and communications related to specific topics—"pervasive threats and harassment," changes to Plaintiff's "terms and conditions of his employment," and harassment from students and other faculty members—and yet, Plaintiff again refers Defendant to general categories of documents, requiring Defendant to sift through and figure out what is and is not responsive to the request. This is not permissible. The obligation to search, identify, and produce responsive documents is squarely on Plaintiff and he has failed to meet this obligation here. Plaintiff is ordered to identify by Bates stamp numbers only those documents that are responsive within the context of this case and produce the same to Defendant. If he has no responsive documents, he must state, "None." |
| 11 & 12 | The motion is denied. Plaintiff is not required to amend his response to these requests because general requests only warrant general responses. However, the court cautions Plaintiff that he is limited to the documents he references here as the entirety of documents he has to offer as evidence in this case, unless he complies with Rule 26(e) in a timely manner. |
| 32 | The motion is denied. Defendant seeks documents related to the income Plaintiff derives from publishing books. In response, Plaintiff says that he has no documents "at this time." (R. 44-2 at 11.) This qualifier means nothing unless any documents he subsequently acquires or gains access to are produced in a timely manner. Nonetheless, this response may stand because the court cannot compel documents Plaintiff does not have or have access to. That said, the court questions how Plaintiff will demonstrate that his income from publishing books was impacted after Defendant's post-April 2019 actions against him without documents demonstrating his income from book publishing pre- and post-April 2019. |

C. **Attorney Fees**

Defendant also seeks attorney fees it had to incur in connection with filing this motion and having to meet and confer with Plaintiff about discovery issues. The court finds that Defendant is entitled to recover reasonable attorney fees incurred in connection with the preparation of this motion pursuant to Rule 37(a)(5), given that the primary reason for the motion seems to be Plaintiff's lackadaisical attitude towards his discovery obligations under Rules 33 and 34.

However, Rule 37(a)(5) does not permit the award of fees for having had to meet and confer, so Defendant's request is denied to that extent.

### D. Conclusion

For the foregoing reasons, Defendant's motion to compel is granted as to INT Nos. 1, 5, and 12 and RTP Nos. 4, 7, 9, 10, and 13, but denied as to INT Nos. 13-15 and RTP Nos. 11, 12, and 32.

                                      **ENTER:**

                                      _____
                                      **Young B. Kim**
                                      **United States Magistrate Judge**