IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON HILL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 1:22-cv-06990 |
| DEPAUL UNIVERSITY, ) | |
| ) | Honorable John F. Kness |
| Defendant. ) | |

**DEFENDANT DEPAUL UNIVERSITY'S UNOPPOSED MOTION FOR LEAVE TO FILE PORTIONS OF SUMMARY JUDGMENT RECORD UNDER SEAL**

Pursuant to Local Rules 5.8 and 26.2, the Court's Standing Order, and the Agreed Confidentiality Order entered by the Court [Doc. 34], Defendant DePaul University ("DePaul"), by and through its attorneys, respectfully submits this Motion for Leave to File Portions of its Summary Judgment Record Under Seal. In support, DePaul states:

1. On July 27, 2023, the Court entered the Parties' agreed Confidentiality Order. [Doc. 34].

2. Pursuant to the Confidentiality Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, financial, or other non-public information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel, financial or employment records of a person who is not a party to the case." [Id. ¶ 2].

3. Also pursuant to the Confidentiality Order, "A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document."

4. Certain exhibits to the Rule 56.1 Statement of Material Facts filed concurrently with DePaul's Motion for Summary Judgment ("SOF") contain information regarding Plaintiff's salary and personnel records, which has been treated as confidential by the Parties. The underlying documents reflecting the salary information and personnel records, and Plaintiff's deposition testimony regarding the same were marked confidential. Testimony related to Plaintiff's medical information was also marked confidential.

5. In designating the information related to Plaintiff's salary, personnel, and medical records/information as "Confidential," the Parties acknowledge that any public interest in the information is outweighed by Plaintiff's interest in maintaining its confidentiality.

6. The following exhibits to the SOF contain references to Plaintiff's financial, personnel, or medical records: Exhibit C, ¶ 26; Exhibit D at p. 15, line 9 – line 14; p. 19, line 21; p. 21, line 5; p. 76, line 9 – 11; p. 76, line 22 – 24; p. 77, line 12–17; p. 78, line 4 – 7; p. 78, line 18 – 20; p. 81, line 3 – p. 95, line 19, and Exhibits 4 and 18 attached thereto; Exhibit E(1), and Exhibit 33 thereto; and Exhibit K, Exhibit 3 thereto.

7. Additionally, Exhibit G to the SOF contains references to certain student information protected by the Family Educational Rights and Privacy Act (FERPA), so it must be redacted. [Exhibit G at p. 94, line 3, line 13 – 18; p. 102, line 21 – p. 104, line 24.] Exhibit H contains a reference to the confidential personnel information of an individual unrelated to this lawsuit. This information should also be redacted. [Exhibit H at p. 20, line 11 – p. 21, line 4.]

8.      Pursuant to Paragraph 7 of the Confidentiality Order [Doc. 34], a party seeking to file information designated "Confidential" must seek leave to file under seal under LR 26.2.

9.      Accordingly, pursuant to Rule 26.2 of the Local Rules of the United States District Court for the Northern District of Illinois, DePaul seeks leave to file Exhibit E(1), and portions of Exhibits C, D, G, H, and K, as set forth above.

10.     Pursuant to Rule 26.2(c) of the Local Rules of the United States District Court for the Northern District of Illinois, DePaul will: (i) provisionally file the aforementioned unredacted Exhibits under seal and (ii) will file a public-record version of the Exhibits with the requisite redactions and omitting the sealed documents.

11.     DePaul has conferred with Plaintiff's counsel regarding this Motion, Plaintiff has no objection to the aforementioned materials being filed under seal.

WHEREFORE, Defendant DePaul University, hereby requests that this Court enter an order allowing it to seal portions of its Summary Judgment Record, Exhibit E(1), and portions of Exhibits C, D, G, H, and K, to its Rule 56.1 Statement of Material Facts filed concurrently with DePaul's Motion for Summary Judgment under seal.

Dated:  May 22, 2024

Respectfully submitted,

DEPAUL UNIVERSITY,

By: /s/ *Rachel E. Bossard*
    One of Its Attorneys

Rachel E. Bossard (rbossard@burkelaw.com)
Blake A. Roter (broter@burkelaw.com)
Brittany A. Martin (bmartin@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
312-840-7000

4881-6266-4896