IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON HILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-06990 |
| v. | ) | |
| | ) | |
| DEPAUL UNIVERSITY, | ) | Honorable John F. Kness |
| | ) | Honorable Young B. Kim |
| Defendant. | ) | |

**DEFENDANT DEPAUL UNIVERSITY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN OVERSIZED BRIEF IN RESPONSE TO DEPAUL'S MOTION FOR SUMMARY JUDGMENT**

Defendant DePaul University ("DePaul"), by and through its undersigned attorneys, responds in opposition to Plaintiff Jason Hill's Motion for Leave to File an Oversized Brief in Response to DePaul's Motion for Summary Judgment. [Doc. 90.] In opposition to Plaintiff's Motion, DePaul states as follows:

1. On May 20, 2024, this Court entered an order reiterating the deadline for filing any motions for summary judgment as May 22, 2024, and setting the deadline to file a response to any such motion as June 21, 2024. [Doc. 76.]

2. On May 22, 2024, DePaul timely filed a two-page cover Motion for Summary Judgment [Doc. 78] and 15 page Memorandum in Support of its Motion for Summary Judgment. [Doc. 79.]

3. On June 19, 2024, two days before the June 21, 2024 deadline, Plaintiff's Counsel, via telephone, requested a 19-day extension of time, to July 10, 2024, to respond to DePaul's Motion. DePaul did not object to this request. On June 21, 2024, Plaintiff filed an unopposed Motion for Extension of Time, which this Court granted on June 24, 2024. [Doc. 84, 85.]

4.  On July 8, 2024, two days before the new July 10, 2024 deadline, Plaintiff's Counsel, via email, requested a 23-day extension of time, to August 2, 2024, to respond to DePaul's Motion. DePaul did not object to this second request for an extension of time. On July 10, 2024, Plaintiff filed an unopposed Motion for Extension of Time, which this Court granted on July 12, 2024. [Doc. 87, 88.]

5.  On August 2, 2024, the date of Plaintiff's <u>third</u> deadline, Plaintiff's Counsel, via email at 12:45 PM CT, requested a one-week extension of time, to August 9, 2024, to respond to DePaul's Motion. DePaul agreed to a "final extension" to August 9, 2024 for Plaintiff to respond to DePaul's Motion for Summary Judgment.

6.  On August 2, 2024, Plaintiff filed an unopposed Motion for Extension of Time, requesting an extension to August 9, 2024 to respond to DePaul's Motion for Summary Judgment. [Doc. 89.] <u>The Court has not yet ruled on Plaintiff's third motion</u>.

7.  Then, at 4:54 PM CT on August 9, 2024, the requested third and final deadline, Plaintiff's Counsel, Gianna Basile, via email, asked DePaul's Counsel whether DePaul would oppose Plaintiff filing a brief in excess of the 15 pages permitted by local rule. [See <u>Exhibit 1</u>.] Attorney Basile stated: "Our brief is about 25 pages."

8.  DePaul's Counsel promptly responded the DePaul strongly opposed Plaintiff's request for 10 extra pages. [<u>Ex. 1</u>.]

9.  At no time, during Plaintiff's multiple requests for extensions of time to respond to DePaul's Motion for Summary Judgment, did Plaintiff's Counsel ever suggest that Plaintiff intended to file an oversized brief. Plaintiff's Counsel must have known that it would want to file a brief in excess of 15 pages before 4:54 PM on the date their brief was due.

10. DePaul and its counsel have been sympathetic to certain health conditions suffered by one of Plaintiff's lawyers and Plaintiff's mother. Nonetheless, Plaintiff and Plaintiff's Counsel had sufficient time to prepare a response to DePaul's Motion within the rules set forth by the Court. To wit, 79 days passed between when DePaul's Motion for Summary Judgment was filed on May 22, 2024 and Plaintiff's requested final deadline on August 9, 2024 (which is 49 days after Plaintiff's initial court ordered deadline).

11. Plaintiff has now filed a proposed Memorandum in Opposition to DePaul's Motion for Summary Judgment, which is 25 pages. [Doc. 93.]

12. The full title of Plaintiff's proposed brief is "Plaintiff's Response in Opposition to Defendant's Motion and Memorandum in Support of its Motion for Summary Judgment." [Doc. 93, p. 1.] Plaintiff did not file a cover Motion for Summary Judgment. Plaintiff's proposed brief does not request that summary judgment be granted in his favor at this time.

13. However, in Plaintiff's Rule 56.1 Statement of Material Facts, he states that he is entitled to judgment as a matter of law, suggesting that Plaintiff is seeking summary judgment in his favor. [Doc. 91]

14. To the extent that Plaintiff's brief is considered an offensive Motion for Summary Judgment, DePaul strongly objects and requests that it be stricken. The deadline to file dispositive motions was on May 22, 2024, some *79* days before Plaintiff's proposed oversized brief was filed. Plaintiff never requested an extension of the deadline to file dispositive motions from DePaul or the Court, nor was one granted. In fact, when one of Plaintiff's requests for an extension of time included a suggestion that Plaintiff may file an offensive Motion for Summary Judgment, DePaul objected by email. Attorney Basile responded on July 9, 2024 that Plaintiff "will not attempt to file any cross-motion for summary judgment."

15. As to Plaintiff's request to allow him 25 pages to respond to DePaul's Motion for Summary Judgment, DePaul strongly objects. First, it appears that Plaintiff took advantage of DePaul's consideration in granting extensions of time to file documents well in excess of the applicable rules. Plaintiff has now filed an oversized brief and a 40 paragraph statement of additional facts where some statements: (i) are nearly a page long; (ii) contain multiple paragraphs; (iii) contain 10 or more separate statements; and (iv) clearly do not comply with the Local Rules or this Court's Standing Order. [Doc. 91, 93.] Plaintiff's proposed oversized brief fails to provide a table of contents and table of cases [Doc. 93], in violation of Local Rule 7.1. "Any brief or objection that does not comply with this rule shall be filed subject to being stricken by the court." [L.R. 7.1.]

16. Second, Plaintiff's proposed 25 page brief has the audacity to assert that DePaul did not address all 10 of Plaintiff's alleged adverse actions, and therefore, waived any argument regarding them. [Doc. 93, p. 13.] While DePaul does not believe that it has to disprove every one of Plaintiff's allegations – rather he must show that he could prove such an allegation at trial based upon evidence in the record – DePaul addressed the most important arguments within the limits allowed by the applicable rules. DePaul followed the rules, filing a Memorandum of Law that is 15 pages. [Doc. 79.] Plaintiff should not now be permitted to disregard the rules and have 66% more pages to address the important issues of this case when DePaul was not granted that leniency. Plaintiff should be required to abide by the same rules that DePaul abided by in filing its motion.

17. This Court's Standing Order on Motions and Memoranda of Law states as follows:

> *The parties are reminded that the Local Rules concerning page limits, font size, line spacing, and margins for filed documents are not mere suggestions.* See *LR 5.2. Footnotes are to be used sparingly and only when necessary; footnotes may never be employed as an artifice designed to squeeze more words under the page limit.* **The Court may strike any filing that does not comply with these requirements.**

[Emphasis added.]

18. Moreover, this Court's Standing Order on Motions for Summary Judgment states as follows:

> The Local Rules are not mere technicalities. The Court expects strict compliance with the Local Rules regarding summary judgment. Failure to comply with the Local Rules may result in the Court striking briefs, disregarding statements of fact, deeming statements of fact admitted, and denying summary judgment. See *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012).

19. Accordingly, Plaintiff's last minute attempt to circumvent the rules after being provided with three professional courtesies from DePaul (the last of which has not even been approved by this Court) should not be permitted.

WHEREFORE, Defendant DePaul University objects to Plaintiff's Motion to File an Oversized Brief in Response to DePaul's Motion for Summary Judgment and requests that the Court deny Plaintiff's Motion [Doc. 90] and order Plaintiff to file a brief that is no more than 15 pages.

Dated: August 12, 2024  Respectfully submitted,

DEPAUL UNIVERSITY,

By: _____/s/ Blake A. Roter_____
One of Its Attorneys

Rachel E. Bossard (rbossard@burkelaw.com)
Blake A. Roter (broter@burkelaw.com)
Brittany A. Martin (bmartin@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
312-840-7000